IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

HATCHIE COON HUNTING AND
FISHING CLUB                                                                    PLAINTIFF

v.                            No. 3:21-cv-219-DPM

TOMMY LAND, In His Official Capacity
as Commissioner of State Lands and
ARKANSAS STATE GAME AND FISH
COMMISSION                                                                   DEFENDANTS

ORDER

1. This is a boundary-line dispute. Hatchie Coon Hunting and Fishing Club owns land along the St. Francis River near Tulot. The St. Francis "is navigable for recreational purposes." *State v. Hatchie Coon Hunting & Fishing Club, Inc.*, 372 Ark. 547, 556, 279 S.W.3d 56, 62 (2008). Arkansas therefore holds title in this river's bed—up to the ordinary high water mark—in trust for the public. *Hayes v. State*, 254 Ark. 680, 682–83, 496 S.W.2d 372, 374 (1973). The Club's property rights end where Arkansas's begin.

In November 2020, the U.S. Army Corps of Engineers issued a preliminary jurisdictional determination that the ordinary high water mark where the St. Francis River meets Hatchie Coon's property was at an elevation of 213.615 feet mean sea level. The Corps made this determination in response to a request from the Arkansas Game and Fish

Commission. The Commissioner of State Lands found the Corps' determination conclusive of public ownership up to that elevation. He said so in a July 2021 letter to Hatchie Coon's lawyers. Hatchie Coon disagrees with that conclusion. It filed this case in the Circuit Court of Poinsett County, where Hatchie Coon is located. The Club presses that an Arkansas state court, rather than the Commissioner, should decide the ordinary high water mark for the purpose of determining public ownership.

Hatchie Coon makes state law claims against the Commissioner and the AGFC under Arkansas's Declaratory Judgment Act. The state defendants removed the case here, saying it presents embedded federal questions and the Corps is an absent but required party over which this Court has original jurisdiction. Hatchie Coon requests remand. The state defendants respond that there are necessarily raised, actually disputed, and substantial federal questions in Hatchie Coon's complaint, questions which this Court can and should decide. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005); *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). The state defendants say, too, that this Court can adjudicate this case without raising any federalism concerns. *Great Lakes Gas Transmission Ltd. Partnership v. Essar Steel Minnesota LLC*, 843 F.3d 325, 334 (8th Cir. 2016). They also move to join the Corps, or, if not, dismiss, but do not press the Corps' absence on the jurisdictional issue.

2. The Court will remand because it is unclear whether there really are important and contested federal questions lurking in this case. Arkansas's interest in resolving issues affecting title to real property is substantial. And, in general, jurisdictional doubts must be resolved against removal. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

First, Hatchie Coon, it is true, invokes the U.S. Constitution in service of its state claims. In the complaint's factual background, the Club pleads that Arkansas has embarked on "an attempted raw land grab of [Hatchie Coon's] property in violation of the U.S. and Arkansas Constitutions." Doc. 2 at 10–11. This is an argumentative flourish, not a federal claim.

In its claim for declaratory judgment as to the Commissioner of State Lands, the Club says the Commissioner's decision violated its procedural and substantive due process rights. Doc. 2 at 12. And the Club makes a similar point in its claim for declaratory judgment against the AGFC, saying "AGFC has violated [Hatchie Coon's] procedural and substantive due process rights under the U.S. Constitution by attempting to usurp title to, and certain regulatory power over . . ." the Club's real and personal property. Doc. 2 at 13. As the state defendants point out, these statements sound like Fifth Amendment claims. But, the Due Process Clause is not self-executing, and Hatchie Coon has not sought relief under 42 U.S.C. § 1983.

The Club emphasizes that these allegations are texture on the surface of the Club's core state law claims. The Court agrees. These invocations of federal law do not suffice under *Grable* to establish federal jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 259 (2013). Hatchie Coon may or may not be correct about unconstitutional overreach by the Commissioner or the AGFC. Those potential consequences do not mean, however, that the real issue — the one a court needs to decide — is one of federal law.

Second, Hatchie Coon doesn't dispute that the Corps has made a preliminary jurisdictional determination about the ordinary high water mark of the St. Francis along the Club's property. The Club does, however, dispute whether the Commissioner of State Lands can find the Corps' preliminary determination conclusive on the public-ownership issue. The Club also disputes whether the Commissioner's finding authorizes the AGFC to regulate the use of land below 213.615 feet mean sea level. Those are state law matters, which shade into questions about the scope the Commissioner's authority, and the AGFC's, under Arkansas law.

Put differently, the deeper issues here have little to do with federal law. The parties' dispute is about Arkansas's administrative procedures and the validity and effect of what was essentially an adjudication by the Commissioner of State Lands. By statute, the Commissioner may seek enforcement of his determination if he believes that Hatchie Coon's use of the property infringes on the public interest. ARK. CODE ANN. § 22-6-202(e)(1). It is unclear, though, what effect his adjudication has had, or

could have, otherwise. Hatchie Coon says that his adjudication was unauthorized and arbitrary. And this is the Club's pre-emptive suit to establish its property interest under Arkansas law. Arkansas's Declaratory Judgment Act gives the Club this tactical option. ARK. CODE ANN. § 16-111-102. The Corps' preliminary jurisdictional determination is certainly strong evidence of the ordinary high water mark. Hatchie Coon has taken a clear position, however, that it does not dispute that the Corps has come to this tentative conclusion; the Club instead challenges the Commissioner's decision to accept the Corps' preliminary view as Arkansas's final view.

Third, Arkansas has a singular interest in real property matters. What the precedent calls the "congressionally approved balance of federal and state judicial responsibilities" favors a state court deciding the parties' administrative law dispute about fixing a boundary line. *Grable*, 545 U.S. at 314; *Great Lakes*, 843 F.3d at 333. This federal court doesn't settle state law. An Arkansas court needs to consider this particular basket of circumstances and answer the state law questions presented.

3. In their notice of removal, the state defendants argue an alternative jurisdictional basis: they say the United States, by way of the Corps, is a required party under Federal Rule of Civil Procedure 19. 28 U.S.C. § 1346. As Hatchie Coon points out, though, this Court's jurisdiction is measured at the time of removal. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Even assuming the Corps is a

required party, it was not a party at removal. Rule 19 must keep faith with Rule 82 and cannot extend a federal court's subject matter jurisdiction. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90 (2005). This Court takes no position on whether the Corps' later addition as a required party would restart the removal clock.

4. Given Hatchie Coon's nuanced position about the Corps' preliminary jurisdictional determination, and the famously murky precedent about embedded federal questions, the Court declines to award attorney's fees or costs. *Convent Corp. v. City of North Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015). The state defendants had an objectively reasonable basis for removal; no unusual circumstances are presented.

\*   \*   \*

Hatchie Coon's motion to remand, *Doc. 16*, is granted. The other motions, *Doc. 3 & 5*, remain pending for resolution by the state court in due course. The Court remands this case to the Circuit Court of Poinsett County, Arkansas.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 August 2022